# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| KIMBERLY CRIDER, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: _____ |
| | ) | (Jury Demand) |
| UNIVERSITY OF TENNESSEE KNOXVILLE, | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. Nature of the Case

1. This is an action seeking redress for violation of the plaintiff's rights guaranteed under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e-2(a) and §2000e-3(a), and for redress under state law claims of fraudulent inducement under Tenn. Code Ann. §50-1-102, fraudulent and negligent misrepresentation, and promissory fraud.

### II. Jurisdiction and Venue

2. This Court has jurisdiction over this case pursuant to 28 U.S.C. §1331 because this matter involves federal questions based upon Title VII. The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), to address the state claims contained herein.

3. The Eastern District of Tennessee at Knoxville is the proper venue for this action pursuant to 28 U.S.C. §§1391 (b)(1) and (b)(2) because this is the District and Division in which the defendant resides and in which a substantial part of the events or omissions giving rise to the claims occurred.

### III.  Conditions Precedent

4.  The plaintiff filed a charge of discrimination against the defendant with the Equal Employment Opportunity Commission ("EEOC") and the Tennessee Human Rights Commission.  The plaintiff received a Notice of Suit Rights letter from the EEOC, dated February 19, 2009.  This Complaint is filed in this Court within ninety days from the date the plaintiff received the notice of her right to sue.  All administrative conditions precedent to filing suit in this Court have been met, and the plaintiff timely files this suit.

### IV.  The Parties

5.  The plaintiff, Kimberly Crider ("plaintiff" or "Ms. Crider"), is a resident of Sevier County, Tennessee and was formerly employed by the defendant.  Ms. Crider is, and was at all times relevant to this lawsuit, a member of the Seventh-day Adventist Church and holds the sincerely held religious belief that work is prohibited on the Sabbath, from sundown Friday until sundown Saturday.

6.  The defendant, University of Tennessee Knoxville ("defendant" or "UTK"), is a land grant university established under the laws of the State of Tennessee.  To the plaintiff's knowledge, the defendant may be served with process through Catherine Mizell, Office of the General Counsel, 719 Andy Holt Tower, Knoxville, TN 37996-0170.  The defendant is an "employer" within the meaning of 42 U.S.C. § 2000(e).

### V.  Facts

7.  On or about December, 2007, Ms. Crider, at the time working and residing in

2

Kalamazoo, Michigan, responded to an advertised job posting for the position of Programs Abroad Coordinator II ("PA Coordinator") for the Programs Abroad Office of the University of Tennessee Knoxville. The job posting to which Ms. Crider responded did not state that weekend work was required or expected of the PA Coordinator.

8. In late January, 2008, Ms. Crider participated in a telephone interview with a UTK representative. On or about March 12, 2008, Ms. Crider was interviewed on the UTK campus by a search committee for the PA Coordinator position. During this second interview, Ms. Crider asked whether weekend work was required of the position and was told that it was not. Ms. Crider mentioned that she could not work on Saturdays. Ms. Crider also had an interview with Programs Abroad Office Director, Dr. Pia Wood, and Dr. Wood did not mention during this meeting that the PA Coordinator would be expected to work Saturdays.

9. In late March, 2008, the defendant offered Ms. Crider the PA Coordinator job, which Ms. Crider accepted. On or about May 1, 2008, Ms. Crider moved with her family from Michigan to Tennessee, and Ms. Crider began working at UTK on May 15, 2008.

10. On or about May 19, 2008, during a meeting regarding office protocol, Dr. Wood informed Ms. Crider for the first time that she would be expected to work some weekends. At this time, Ms. Crider informed Dr. Wood that her sincerely held religious beliefs precluded her from working on Friday evenings and Saturdays.

11. On or about May 20, 2008, Dr. Wood again informed Ms. Crider that she would need to work on some Saturdays and stated that Ms. Crider was demonstrating inflexibility by being unable to work on Saturdays. Dr. Wood was adamant that the PA Coordinator job required work on Saturdays. In particular, Ms. Crider was told that she and the other two PA Coordinators

3

would rotate carrying an emergency telephone continuously for a seven-day week so that students studying abroad could contact them in the event of an emergency after regular working hours.

12.  On or about May 21, 2008, Ms. Crider sent a letter to the Director of the defendant's Office of Equity and Diversity, copied to Dr. Wood and the defendant's Human Resources Director, requesting an accommodation for her sincerely held religious belief that she not work on the Sabbath.

13.  On or about June 9, 2008, Ms. Crider learned that she was scheduled to carry the emergency telephone between June 16 and June 23, which included a Friday night and Saturday.

14.  On or about June 13, 2008, Ms. Crider presented Dr. Wood with a proposal for an alternate emergency telephone schedule, which would involve Ms. Crider carrying the telephone for more days than the other PA Coordinators, including all Sundays.  Ms. Crider was also open to consider other alternatives her employer might propose.

15.  On or about June 16, 2008, Dr. Wood responded by rejecting Ms. Crider's proposed accommodation and threatening Ms. Crider that she would be terminated effective June 20, 2008, if they were unable to reach an agreement on a work schedule.

16.  Ms. Crider responded on or about June 19, 2008, again communicating her sincerely held religious beliefs to Dr. Wood, the Human Resources Director, and the Interim Provost.

17.  On June 20, 2008, Ms. Crider received notification from the defendant that her employment was terminated effective that day.

18.  At no time did Dr. Wood or any other agent of the defendant discuss with Ms. Crider any alternate work schedules that would have accommodated Ms. Crider's religious beliefs.

4

Rather, the defendant only presented Ms. Crider with the option that she work on Saturdays or else she would be terminated.

19. The defendant could have accommodated Ms. Crider without undue hardship.

20. Accommodating Ms. Crider's sincerely held religious beliefs would not have resulted in any additional cost to the defendant.

21. Accommodating Ms. Crider's sincerely held religious beliefs would not have resulted in any decreased efficiency for the defendant.

22. Accommodating Ms. Crider's sincerely held religious beliefs would not have violated a collective bargaining agreement, bona fide seniority system, or other contractual obligation of the defendant.

23. Ms. Crider would never have accepted the PA Coordinator job with the defendant, and thus relocated from Michigan to Tennessee, if she had known she would be required to work on Friday nights and/or Saturdays. In fact, she only accepted the job because she was assured by the search committee which interviewed her that she would not need to work on weekends. At no time before accepting the position was Ms. Crider informed that she would need to work weekends.

24. Ms. Crider was induced to accept the PA Coordinator job with the defendant by false representations, false advertising, and false pretenses that she would not have to work on weekends.

25. Ms. Crider relied on statements made to her that she would not need to work on weekends when she decided to resign her old job in Michigan and accept a new job at UTK that she thought would not interfere with her religious beliefs. The defendant was aware that Ms.

5

Crider was quitting a job and relocating her family to accept employment as a PA Coordinator. When Ms. Crider later discovered that she would need to work on Friday evenings and Saturdays and when the defendant failed to accommodate her religious beliefs, she suffered financial loss as a result of being terminated and unemployed.

26. During the hiring process, the defendant supplied false information about the requirement to work weekends. The defendant either intentionally misrepresented that the job did not require weekend work or else failed to exercise reasonable care in obtaining and communicating the appropriate information.

27. As a result of the defendant's actions, Ms. Crider has suffered lost wages and benefits and has suffered emotional distress, loss of enjoyment of life, and damage to her reputation and earning capacity due to the employment termination on her work record.

## VI.  Causes of Action

### Count 1: Religious Discrimination

28. The plaintiff realleges and incorporates paragraphs 7-27.

29. The defendant failed to accommodate Ms. Crider's sincerely held religious beliefs and discriminated against her on the basis of her religion, in violation of Title VII.

30. The defendant's failure to accommodate and discrimination was intentional and not the result of mistake or oversight.

31. The defendant's actions were done maliciously and with reckless disregard to Ms. Crider's rights under the law.

6

<u>Count 2: Violation of Tenn. Code Ann. § 50-1-102</u>

32.  The plaintiff realleges and incorporates paragraphs 7-27.

33.  The defendant used false or deceptive representations, false advertising, and/or false pretenses to induce Ms. Crider to change her place of employment, in violation of Tenn. Code Ann. § 50-1-102.

<u>Count 3: Fraudulent and/or Negligent Misrepresentation</u>

34.  The plaintiff realleges and incorporates paragraphs 7-27.

35.  The defendant either fraudulently or negligently misrepresented to Ms. Crider that the PA Coordinator job did not require weekend work, and Ms. Crider reasonably relied upon this misrepresentation in accepting the job position.

<u>Count 4: Promissory Fraud</u>

36.  The plaintiff realleges and incorporates paragraphs 7-27.

37.  The defendant fraudulently misrepresented to Ms. Crider that she would not be required to work on weekends if she accepted the PA Coordinator job, upon which misrepresentation Ms. Crider reasonably relied to her detriment.

**VII.  Relief Requested**

38.  The plaintiff requests that this Court grant the following relief:

a.  Enter judgment for the plaintiff against the defendant, declare that the acts of the defendant violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-2(a) and §2000e-3(a), and enjoin the defendant from further discriminatory practices;

b.  Award the plaintiff back pay, benefits, increments, and financial adjustments to which she is entitled;

c.  Require the defendant to reinstate the plaintiff with reasonable accommodation; or in the alternative, award the plaintiff front pay;

d.  Award the plaintiff compensatory damages for all losses suffered as a result of defendant's actions, including emotional distress in an amount to be determined by a jury;

e.  Award the plaintiff punitive damages in an amount to be determined by a jury;

f.  Award the plaintiff reasonable attorney's fees and the costs of this cause.

g.  Award the plaintiff interest and such further relief as this Court deems just, proper, and equitable.

39.  The plaintiff requests a jury trial in this cause.

Respectfully submitted,

s/ *Jennifer B. Morton*
Jennifer B. Morton (BPR #015585)
Maha M. Ayesh (BPR # 025244)

Law Offices of Jennifer B. Morton
8217 Pickens Gap Road
Knoxville, TN 37920
(865) 579-0708
jennifermorton@comcast.net
mahamayesh@gmail.com

8

Todd R. McFarland
(Illinois Bar No.6272690)
Associate General Counsel
Office of General Counsel
General Conference of Seventh-day Adventists
12501 Old Columbia Pike
Silver Spring MD 20904-6600
mcfarlandt@gc.adventist.org

Attorneys for the Plaintiff